UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NELSON GONZALEZ ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 24-2026**

**CHRISTOPHER LAINE ET AL**                                   **SECTION "B"(3)**

<u>**ORDER AND REASONS**</u>

Before the Court are defendants' motion for partial summary judgment or, in the alternative, motion *in limine*, on possible future medical care claims (Rec. Doc. 31), plaintiff's memorandum in opposition to defendants' motion for summary judgment (Rec. Doc. 42), and defendants' reply memorandum (Rec. Doc. 39). Additionally, the Court is considering defendants' motion or partial summary judgment or, in the alternative, motion *in limine*, on lost wage and lost earning capacity claims (Rec. Doc. 32), plaintiffs' memorandum in opposition to defendants' motion for partial summary judgment (Rec. Doc. 40), and defendants' reply (Rec. Doc. 37). Considering also applicable law, the record, oral argument, and our reasons given during hearing of instant matters on April 16, 2025,

**IT IS ORDERED** that defendants' motion for partial summary judgment or, in the alternative, motion *in limine*, on possible future medical care claims (Rec. Doc. 31) be **GRANTED IN PART** as to the possible future medical care claims of plaintiff Shlesha White and **DENIED IN PART** as to the possible future medical care claims of plaintiff Nelson Gonzalez**.**

**IT IS FURTHER ORDERED** that defendants' motion for partial summary judgment or, in the alternative, motion *in limine*, on lost wage and lost earning capacity claim (Rec. Doc. 32) be **GRANTED IN PART** as to the lost earning capacity lost wages of plaintiff Shlesha White and **DENIED IN PART** as to lost earning capacity and lost wages of Nelson Gonzalez.

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

1

This insurance-coverage dispute arises from an alleged vehicular accident. *See generally* Rec. Doc. 1-2. Filed on July 17, 2024, in the 24th Judicial District Court of Jefferson Parish, the suit contends that on July 19, 2023, Christopher Laine allegedly struck Nelson Gonzalez and Shlesha White's vehicle while making a left turn onto Veterans Boulevard. Rec. Doc. 1-2 at 2 ¶6. The plaintiffs' claims states that Laine's decision to make an illegal left turn, which he was later cited for by Kenner Police Department, caused the accident. *Id.* at 2-3 ¶¶6-10, IV. Subsequently, Gonzalez and White sustained suffered bodily injuries, property damage, medical expenses, lost wages, and various other damages. *Id.* at 3 ¶12.

At the time of the accident, Laine was insured by Auto Owners Insurance, thus, Auto Owners Insurance was rendered liable to Gonzalez and White alongside Laine. Rec. Doc. 1-2 at 4 ¶17. Following plaintiff's petition for damages against both Laine and Auto Owners Insurance in the 24th Judicial District Court, defendants timely removed the matter to the Eastern District of Louisiana. *See* Rec. Doc. 1. The Court has federal diversity jurisdiction under 28 U.S.C. § 1332 for this claim, as there is diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00. Rec. Doc. 1 at 2-4 ¶¶II-III.

In the instant motions defendants are requesting partial summary judgments to dismiss plaintiffs' lost wage and lost earning capacity claims with prejudice and to dismiss claims for future medical care. Rec. Docs. 31 and 32. Plaintiffs have opposed both motions. Rec. Docs. 40 and 42. Additionally, defendants have filed replies addressing both motions. Rec. Docs. 37 and 39. Please note, plaintiffs' oppositions were originally filed deficiently. Rec. Docs. 35 and 36. Upon correcting the deficiency plaintiffs' submitted filings with exhibits not previously filed. *See* Rec. Docs. 40 and 42. Further, plaintiff seems to have filed the exact same memorandum in opposition to both defendants' motion regarding future medical care claims and the defendants'

motion regarding lost wage and lost earning capacity claims. *Id.*[1]

## LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). However, even if not accompanied by an affidavit, material in support or opposition of a motion for summary judgment may be considered if it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). However, where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S.

---

[1] In this matter, the Court has seen both parties' counsel file multiple deficient and duplicative filings, this lack of due diligence coupled with the serious inaccuracies offered by counsel at the April 16, 2025 hearing are a cause for concern. As shown through the record, the Court finds that both parties presented inaccuracies regarding their dealings with Magistrate Judge Dossier. There is only one motion to compel filed on the record in this matter, despite defense counsels' assertion that they have filed two. Furthermore, plaintiffs' counsel statement that Magistrate Judge Dossier found discovery satisfied is not substantiated by the Record. Counsel is cautioned that future deficient filings and inaccurate representations to this Court may result in sanctions. Prior to filing anything further, both parties are asked to review and adhere to this Court's Local Rules found at (https://www.laed.uscourts.gov/attorney-information/rules-and-orders/local-rules).

at 323. Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment, rather competent evidence, such as affidavits or depositions must be put forth to buttress their claim. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019); *Donaghey v. Ocean Dilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### B. Unopposed Motion Standard

In the Eastern District of Louisiana, a respondent that opposes a motion, including a motion for summary judgment, "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Local Rule 7.5. If a contradictory motion is unopposed, a district court may not grant it automatically but may grant it if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

Here, the Court set the submission date for defendant's motion for summary judgment (Rec. Doc. 75) as March 19, 2025, setting plaintiff's deadline to oppose as March 11, 2025. Plaintiffs filed deficient opposition memorandum and was given seven calendar days to correct the deficiencies by the Clerk's Office. Rec. Docs. 35 and 36. Therefore, plaintiffs had until March 19, 2025 to correct their deficiency—failure to include a filed statement of material facts. *Id.* Plaintiffs

did submit new filings on March 19, 2025. *See* Rec. Docs. 40 and 42. However, these filings included numerous exhibits not previously submitted. *Id.*

Because the plaintiffs submitted these exhibits untimely and failed to ask for leave of court to amend their filing, the Court should strike these exhibits. Furthermore, because plaintiffs' counsel failed to diligently submit the correct filing within their newly submitted memorandum, Rec. Doc. 40 is a duplicate of Rec. Doc. 42. Due to this obvious error, this Court's Case Manager contacted plaintiffs' counsel to inform them of the error. Nonetheless, no corrective action was taken. As this Court is now bombarded with untimely exhibits and incorrect submissions, it could find that plaintiff has no opposition to the motion for lost and future wages and review the defendant's request for merit. *Smith v. Larpenter*, No. 16-15778, 2017 WL 2773662, at *1 n.1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL 2780748 (E.D. La. June 26, 2017).

### C.  Governing Law—Louisiana Substantive Law

The Fifth Circuit has interpreted the United States Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), to "require[] that federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). This collision dispute was removed to federal court based on diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 1. As such, the Court must apply Louisiana substantive law. *See Cates*, 928 F. 2d at 687.

To determine Louisiana law, courts look to decisions by the Louisiana Supreme Court. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Absent guidance, they must determine "how [the Louisiana Supreme Court] would resolve the issue if presented with the same

5

case." *Id.* To do so, courts "must employ Louisiana's civilian methodology, whereby [they] first examine primary sources of law: the constitution, codes, and statutes." *Id.* Additionally, courts must also consider that in Louisiana's civilian system jurisprudence and existing caselaw are considered a secondary law source, thus not strictly binding on this Court.

### D. Motions *in limine*

Motions *in limine* are disfavored, but frequently made in the anticipation of excluding clearly inadmissible evidence at trial. *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citation omitted). "However, 'denial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted."

"However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted." *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. CV 22-00338-BAJ-SDJ, 2025 WL 342863, at *1 (M.D. LA. Jan. 30, 2025). "Evidence is relevant if it (1) has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action." Federal R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." Fed. R. Evid. 403.

### E. Future Medical Care Claims

Louisiana law permits awards for future medical expenses, but they "must be established with some degree of certainty." *Duncan v. Kansas City Southern Railway Co.*, 773 So.2d 670, 685 (La. 2000). "The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence [that] the future medical expense will be

medically necessary." *Menard v. Lafayette Ins. Co.*, 31 So.3d 996, 1006 (La. 2010). In addition to the future medical expenses being necessary, they must also be supported with medical testimony and an estimation of their probable costs. *Id.* If there is no exact value of the necessary expenses incurred by the plaintiff, he or she is not prevented from making their claim. *Abadie v. Target Corp. of Minnesota*, No. CV 18-14112, 2021 WL 5029462, at *2 (E.D. La. June 22, 2021). This is because the Court may still be able to determine from the record "a minimum amount that reasonable minds could not disagree will be required." *Id.* The jury's determination of "future medical damages is 'entitled to great deference on review.'" *See Berry v. Auto-Owners Ins. Co.*, 634 F.App'x 960, 964 (5th Cir. 2015)(quoting *Menard* 31 So.3d at 1006).

Here, defendants' main argument is a qualification one, in their opinion, neither chiropractor, Bell or Pritchett, have the expertise to offer testimony regarding pain management treatment. *See* Rec. Doc. 31. Further, defendants argue that neither chiropractor provided the cost of either plaintiff's future medical expense. *Id.* Thus, defendants are stating that not only are these medical experts incapable of opining on ongoing treatment, but because they are not qualified to speak on said treatment they are unable to tell the court how much said treatment would costs. *Id.*

Were this Court to find that the chiropractors' testimony was admissible, then their testimony regarding the necessity of on-going medical treatment will be relevant to the jury's determination of whether the treatment is necessary and if the estimated costs are reasonable for each plaintiff's future medical treatment. Thus, the outcome of the motions *in limine* (Rec. Doc. 29 and 30) dictates if the plaintiffs can establish the elements of a future medical expense claim. Currently, the plaintiffs have offered said chiropractors to support their claim. If their testimony is found inadmissible, the plaintiffs would likely be unable to present that such medical treatment is necessary.

During the April 16th hearing, this Court ruled to exclude the testimony of Dr. Pritchett but denied defendants' motion to exclude the testimony of Dr. Gerald Bell. Rec. Doc. 63. The Court found Dr. Bell's opinions were not speculative and as Gonzalez's treating chiropractor, Dr. Bell could testify about previous treatment he rendered to Gonzalez and provide recommendations for future chiropractic medical care for control of [Gonzalez's] symptoms." Rec. Doc. 31-4 at 1. Further, Dr. Bell "recommend[s] at minimum 24 chiropractic and spinal decompression visits per year along with 3 pain management interventional procedures per year." *See* Rec. Doc. 31-5. Serious credibility questions have arisen relative to Gonzalez's complaints of pain. Albeit barely, there has been a minimal showing of material factual disputes regarding any need for future medical claims.

Conversely, plaintiff White's future medical claims lack foundational support. Dr. Pritchett testified in his deposition that his opinion was "a speculation . . . [his] best guess." Rec. Doc. 38-1 at 3. Defendants' motion *in limine* was granted excluding his opinion on future medical claims. Further, White has not provided additional support for her claims for future medical costs. Therefore, the instant motion for partial summary judgment on those claims is granted.

### F.  Lost Wage and Lost Earnings Capacity Claims

To recover lost wages, a plaintiff must prove by a preponderance of the evidence that he or she would have earned wages but for the accident. *Branum v. Brinkers* Int'l, No. CV 23-1512, 2024 WL 4751422 (E.D. La. Nov. 12, 2024) (citing *Boyette v. United Servs. Auto. Assoc.*, 783 So.2d 1276, 1279 (La. 2001)). The plaintiff must show past lost earnings, and the duration of time missed from work due to the accident. *Hunter v.* Terrebone, 18-134 (La. App. 5 Cir. 12/27/18), 263 So. 3d 993, 999, *writ denied*, 19-144 (La. 3/18/19), 267 So.3D 90. "Although 'such proof may consist only of the plaintiff's own testimony,' courts often find there is no factual basis for the

8

award when there is only the plaintiff's testimony and no 'extrinsic evidence, expert testimony, or medical evidence' tying the accident to the diminished wages." *Branum*, No. CV 23-1512, 2024 WL 4751422, at *2 (citation omitted).

"[L]oss of future earnings are based on the difference between the plaintiff's earning capacity before and after the disabling injury." *Durant*, No.19-147, 2021 WL 3854857, at *5 (quoting *Pierce v. Milford,* 688 So. 2d 1093, 1095 (La. App. 3 Cir. 1996)). "Damages should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury." *Id.* (quoting *Folse v. Fakouri*, 371 So. 2d 1120, 1123 (La. 1979)). To determine damages, a fact finder "should consider whether and how much plaintiff's current condition disadvantages him in the work force." *Id.* Thus, the question then becomes what the plaintiff might have earned but for his injuries and what may he now earn given his current condition. *Id.*

Here, plaintiffs' counsel submitted an untimely attached affidavit where plaintiff White states her monthly income of $10,600.00. Rec. Doc. 40-9 at 1¶4. Additionally, within said untimely affidavit, plaintiff also certifies that she has lost earnings. *Id.* Nonetheless, plaintiff White has timely filed her tax returns in the opposition and defendants included her tax returns in their instant motion. *See* Rec. Docs. 32-6, 35-2, 35-3, 40-2 and 40-3. These returns provide that in 2023 plaintiff made an adjusted gross income of $18, 845.00, whereas in 2022, plaintiff made an adjusted gross income of $35,826.00. *Id.* However, these tax forms reveal, and the defendants assert that despite plaintiff White's adjusted gross income, her business's earned income increased in 2023. *Id.* Per the tax forms provided, plaintiff White's business earned $126,427.00 in 2022 and $127,733.00 in 2023. *Id.* (citing Rec. Docs. 32-6 at 10 and 40-2 at 10).

Through her testimony and the tax forms, there is no evidence explaining why plaintiff White suffered income loss when her company made more profit. Moreover, and likely more

9

significant, because plaintiff, at this point, has failed to offer evidence supporting a causal link between alleged diminished wages and the accident, there is not a genuine issue of material fact here. Therefore, defendants' motion regarding past lost wages for plaintiff White and future earning capacity should be granted.

Regarding plaintiff Gonzalez's claims for lost wages and lost earning capacity, plaintiffs assert that Gonzalez's claims of past income loss is proven through his testimony at his deposition and through his medical records. Additionally, Gonzalez's tax forms provide a loss in gross income of $788,718.00 from 2022 to $119,167.00 in 2023. Rec. Doc. 32-4 at 4 (citing Rec. Doc. 32-7 and 32-8). However, defendants aver that the decreased income results from Gonzalez's arrest and detention on February 26, 2024 for serious federal drug offenses, about seven months after the sued upon auto accident. Rec. Doc. 32-4 at 4. Contrarily, Gonzalez asserts his arrest and detention are "irrelevant to the issue of lost wages and earning capacity prior to [the arrest] date and should not be considered in evaluating the impact of his injuries on his employment." Rec. Doc. 40-1 at 2¶5. While we disagree with the latter assertion, further discovery is warranted on that issue. Because of this argument as to the cause of loss wages and earning capacity in Gonzalez's regard, there exists a genuine issue of material fact. As such, summary disposition on this claim is premature.

Additionally, parties have not asserted nor contested whether plaintiff Gonzalez will be able to assert admissible medical evidence indicating a residual disability causally related to the accident. *Bize v. Boyer*, 408 So. 2d 1309, 1312 (La. 1982). At present, the plaintiffs' chosen expert, Dr. Bell, has only asserted additional medical treatment needed, not that plaintiff Gonzalez is disabled. There is a lack of evidence indicating that this plaintiff's injuries resulted in residual disabilities. *See* Rec. Docs. 32 and 40. This Court recognizes that in *Bize*, the Louisiana Supreme

Court reversed an award of future lost earnings because there was not enough corroborating evidence to support plaintiff's testimony. *Id.* at 1312.

    New Orleans, Louisiana, this 25th day of April, 2025

                                                  SENIOR UNITED STATES DISTRICT JUDGE