**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| NELSON GONZALEZ AND SHLESHA WHITE | CIVIL ACTION |
| VERSUS | NO.  24-2026 |
| CHRISTOPHER LAINE AND AUTO OWNERS INSURANCE | SECTION: "N" |

**ORDER AND REASONS**

Before the Court is Plaintiff Shlesha White's Rule 21 Motion to Sever,[1] seeking to sever her claims from those of co-Plaintiff Nelson Gonzalez and to proceed as a separate civil action with a new scheduling order. Defendants Christopher Laine and Auto Owners Insurance oppose the motion.[2] White did not file a reply. For the reasons that follow, the Motion is **DENIED**.

## I.    Factual Background

This insurance-coverage dispute arises from a single automobile collision.[3] "[T]he suit contends that on July 19, 2023, Christopher Laine allegedly struck Nelson Gonzalez and Shlesha White's vehicle while making a left turn onto Veterans Boulevard" in Kenner, Louisiana.[4] Gonzalez and White, who were married at the time of the collision, jointly sued Laine and his insurer, Auto Owners Insurance, in state court on July 17, 2024,[5] several months after Gonzalez's arrest on federal drug-

---

[1] R. Doc. 72.
[2] R. Doc. 76.
[3] R. Doc. 65 at p. 2.
[4] *Id.* (citing R. Doc. 1-2 at 2 ¶ 6).
[5] R. Doc. 1-2.

1

trafficking charges in the Eastern District of Arkansas. Gonzalez has been detained since February 23, 2024,[6] and his criminal trial is currently set for August 31, 2026.[7]

The instant case proceeded through consolidated discovery and motion practice and has been litigated for nearly two years. On April 25, 2025, Judge Lemelle ruled on cross-motions for summary judgment, *Daubert* motions, and motions in limine.[8] As relevant here, Judge Lemelle dismissed White's claims for future medical expenses, past lost wages, and future lost earning capacity for failure of proof.[9] The Court also ruled on Plaintiffs' motion in limine regarding Gonzalez's arrest and incarceration, denying it in part but limiting the scope of examination on that subject and committing to a limiting jury instruction, while excluding the specific criminal charges as unduly prejudicial.[10] Discovery going forward was limited to a "deposition of defendants' medical expert, an updated deposition of plaintiff Gonzalez, if needed, and an opportunity for both parties to obtain the Government's documentation pertaining to plaintiff Gonzalez's medical care disclosures resulting from his detainment and criminal prosecution. **Any discovery which would go beyond** these limited allowances, are foreclosed subject to reconsideration for good cause."[11]

White has since retained new counsel,[12] who filed the instant motion, requesting severance under Rule 21 so that separate civil actions may be created, a

---

[6] Arrest Warrant, *United States v. Gonzalez-Quintanilla*, No. 24-CR-33 (E.D. Ark. Feb. 23, 2024), Dkt. No. 2.
[7] Order to Continue, *Gonzalez-Quintanilla*, No. 24-CR-33 (E.D. Ark. Apr. 9, 2026), Dkt. No. 105.
[8] R. Docs. 64, 65.
[9] R. Doc. 65 at pp. 1, 8, 10.
[10] R. Doc. 64 at p. 1 ¶ 3.
[11] *Id.* at pp. 1-2 ¶ 3 (emphasis in original).
[12] R. Doc. 71.

new scheduling order entered, and additional discovery taken—including a deposition of Laine and a new causation/future-treatment expert.[13]

## II.    Analysis

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Fifth Circuit has delineated five factors that guide a Rule 21 severance analysis:

> (1) whether claims arise out of the same transaction, occurrence, or series of transactions or occurrence[s]; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.[14]

White has failed to show that any of these factors support severance. *First*, White concedes, correctly, that both Plaintiffs' claims arise from the same collision.[15] This factor weighs against severance.[16]

*Second*, common questions of law and fact exist. A finding of commonality requires only that the claims share at least one common question of law or fact — not that every issue in the case be identical.[17] Both Plaintiffs allege the same act of negligence by the same defendant, governed by the same legal standard, and implicating the same policy of insurance. That each Plaintiff's damages rest on a

---

[13] R. Doc. 72.
[14] *Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022) (citations omitted).
[15] R. Doc. 72-1 at p. 2.
[16] *Def. Distributed*, 30 F.4th at 431.
[17] *Id.* at 432 ("[A] court is required to determine whether 'there is at least one common question of law,' not whether all of the claims in a case involve the same question of law." (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010))); *contra* R. Doc. 72-1 at pp. 3-4.

distinct medical history is unremarkable in any multi-plaintiff personal injury action and does not defeat the overlap on liability.[18] This factor weighs against severance.[19]

*Third*, judicial economy weighs against severance. The parties have litigated this case jointly for nearly two years, through consolidated discovery, summary judgment, *Daubert,* and motion in limine practice. White argues that judicial economy in fact favors severance, given the delays associated with litigating a case alongside a co-Plaintiff who remains incarcerated.[20] But severing White's claims would not spare the Court or the parties any of the burdens of trying this case; it would simply require them twice: two juries hearing substantially the same liability evidence. Whatever benefit White might realize from proceeding on her own schedule is outweighed by that duplication. This factor weighs against severance.[21]

*Fourth*, prejudice is the closest factor. White's concern that a jury may draw an adverse inference against her from her ex-husband's pending drug charges and detention, particularly given their prior marital relationship, is not without force.[22]

That said, the weight of this concern "ring[s] particularly hollow in light of the course of the litigation."[23] As White readily concedes, Gonzalez has been detained since February 23, 2024.[24] White did not file this suit until July 17, 2024 (nearly five months later) and nevertheless chose to join her claims with his rather than proceed separately.[25] She then litigated jointly with him for years without ever suggesting

---

[18] *Contra* R. Doc. 72-1 at pp. 3-4.
[19] *Def. Distributed*, 30 F.4th at 431.
[20] R. Doc. 72-1 at p. 4.
[21] *Def. Distributed*, 30 F.4th at 431.
[22] R. Doc. 72-1 at pp. 2-3.
[23] *Def. Distributed*, 30 F.4th at 432.
[24] R. Doc. 72-1 at p. 3.
[25] R. Doc. 1-2.

that the joint posture was prejudicing her. The Court does not suggest that her prejudice concern is waived as a matter of law, only that this history bears on how much weight the claimed prejudice deserves in the Rule 21 balance.

What's more, Judge Lemelle already confronted the precise prejudice concern in his ruling on Plaintiffs' motion in limine, and crafted safeguards specifically calibrated to it: the exact nature of the charges and any conviction are excluded as unduly prejudicial, the scope of examination on the subject is restricted, and the jury will receive a limiting instruction.[26] Those measures remain in place. To the extent White believes the existing safeguards are no longer adequate as trial approaches, the proper vehicle is a renewed or supplemented motion in limine. This factor does not favor severance.[27]

*Fifth*, White argues in conclusory fashion that "the plaintiffs have different witnesses and documentary proof of their damage claims," with no citation to the record or supporting evidence.[28] Her supporting arguments—that "[p]ersonal injury damages sustained during the existence of the community by a spouse are separate property" under Louisiana law and that "[j]urors will complete separate damage verdicts for each plaintiff"[29]—have nothing to do with factor five, which, again asks "whether different witnesses and documentary proof are required for the separate claims."[30] White has offered no reason to think that this factor supports severance.[31]

---

[26] R. Doc. 64 at p. 1 ¶ 3.
[27] *Def. Distributed*, 30 F.4th at 431.
[28] R. Doc. 72-1 at p. 4.
[29] *Id.*
[30] *Def. Distributed*, 30 F.4th at 431.
[31] *Id.*

The Court is also mindful that severance is not the vehicle White may use to reopen discovery Judge Lemelle already closed.[32] White's motion candidly seeks severance in order to depose Laine for the first time and to retain a new causation expert on future treatment—relief that, if warranted at all, must be justified on a good-cause showing in a separately filed discovery motion.[33]

## III.    Conclusion

For the foregoing reasons, **IT IS ORDERED** that the Motion to Sever[34] is **DENIED.**

New Orleans, Louisiana, this 24th day of July, 2026.

_____
**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. 64.
[33] R. Doc. 72-1 at pp. 4-5.
[34] R. Doc. 72.

6